# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 1:09-cr-00026-MR-1

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **PIMPSON JERREAU BROOME,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's letter [Doc. 584], which the Court construes as a motion for release from state custody.

The Defendant pleaded guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute a quantity of cocaine base and was sentenced in June 2010 to 70 months' imprisonment and five years of supervised release.[1] [Doc. 344]. In August 2016, the Court revoked the Defendant's supervised release on the grounds that he had committed a new law violation (possession of marijuana, cocaine, and ecstasy) and sentenced

_____

[1] The Defendant's term of imprisonment was subsequently reduced to 69 months pursuant to 18 U.S.C. § 3582. [Doc. 436].

him to 12 months plus 1 day of imprisonment and three years of supervised release.  [Doc. 562].  The Defendant did not appeal from this Judgment.

In his present motion, the Defendant indicates that shortly before he was scheduled to be released from his 12-month plus one day term of federal imprisonment, he was charged in North Carolina state court for the same offenses which prompted the revocation of his federal supervised release. The Defendant indicates that he is now in state custody and that he will be sentenced in state court in September 2017 to a term of imprisonment of two to five years.  He asks the Court to release him from custody so that he may begin serving his three-year term of federal supervised release.

The Court is without jurisdiction to release the Defendant from state custody.  The Defendant's prosecution by the State of North Carolina is not a matter within the purview of this Court.  Further, by operation of statute, the Defendant's term of federal supervised release will not commence until the completion of his state term of imprisonment.  <u>See</u> 18 U.S.C. § 3624(e) ("A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.").  For all of these reasons, the Defendant's motion is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 584], which the Court construes as a motion for release from state custody, is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 31, 2017

Martin Reidinger
United States District Judge